# Supreme Court of Florida

_____

No. SC2025-0016

_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF JUVENILE PROCEDURE – 2024 LEGISLATION.**

February 13, 2025

PER CURIAM.

The Florida Bar's Juvenile Court Rules Committee has filed a "fast-track" report proposing amendments to Florida Rule of Juvenile Procedure 8.013 (Detention Petition and Order) and to Florida Rules of Juvenile Procedure Forms 8.929 (Detention Order) and 8.947 (Disposition Order—Delinquency).[1]  The amendments are in response to recent legislation.  *See* ch. 2024-130, Laws of Fla.  The Florida Bar's Board of Governors unanimously approved the proposed amendments.

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(e).

Having considered the Committee's proposal and the relevant legislation, we hereby amend the Florida Rules of Juvenile Procedure as proposed by the Committee, with a few minor modifications. The significant amendments are discussed below.

First, a new subdivision (d) is added to rule 8.013. This new subdivision articulates procedures relating to subsections (g) and (h) of section 985.255(1), Florida Statutes (2024), which were enacted by chapter 2024-130, § 10, Laws of Florida. Specifically, new subdivision (d) states the procedure for filing a motion to release a juvenile for whom probable cause was found for one or more of the offenses listed in section 985.255, Florida Statutes, and it articulates the required contents of an order releasing a child from secure detention. Rule 8.013 is further amended to require that reasonable notice must be given to the opposing party whenever a party files a motion to extend detention.

We make one modification to the Committee's proposed language for rule 8.013(d)(3). Under the Committee's proposed language, on releasing a child from secure detention, the court "must state in writing the reasons that the child is not a present risk to public safety or a danger to the community." To align with

the language of section 985.255(1)(h), we modify this language to instead provide that the court "must state in writing the reasons why the child does not present a risk to public safety or a danger to the community."

Next, we amend form 8.929 to incorporate the recent legislative changes to chapter 985, Florida Statutes. *See* ch. 2024-130, Laws of Fla. The amendments to form 8.929 add several entries to the form, including entries reflecting that sections 985.25, 985.255, and 985.439 now specify mandatory punishments for certain offenses (including firearm offenses), allow electronic monitoring to be imposed for probation violations, and require that youths arrested for certain electronic monitoring violations be placed in secure detention until a detention hearing.

Finally, we amend form 8.947, also to align with the recent legislative changes—primarily changes made to chapter 985, Florida Statutes. The amendments to form 8.947 address new statutory provisions that eliminate minimum-risk nonresidential commitment programs, replace non-secure residential commitment programs with moderate-risk residential commitment programs, allow courts to commit children to moderate-risk residential commitment

programs in cases that involve possession of firearm charges, remove references to post-commitment probation, specify conditions of release from commitment programs, increase the number of days children can serve in secure detention, permit credit for time served, and specify additional punishments and conditions relevant to releasing children from secure detention in cases involving firearm offenses.

Accordingly, the Florida Rules of Juvenile Procedure are hereby amended, as reflected in the appendix to this opinion. New language is indicated with underscoring; deletions are indicated with struck-through text. The amendments become effective immediately. Because the amendments were not previously published for comment, interested persons shall have 75 days from the date of this opinion to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before April 29, 2025, with a certificate of service verifying that a copy has been served on Committee Chair Sarah J. Rumph, 325 John Knox Rd., Building South, Tallahassee, Florida 32303, sarah.rumph@myflfamilies.com, and on the Bar Staff Liaison to the Committee, Michael Hodges, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, rules@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until May 20, 2025, to file a response to

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Sarah J. Rumph, Chair, Juvenile Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

---

any comments filed with the Court.  If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal).  If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal.  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

**APPENDIX**

**RULE 8.013.   DETENTION PETITION AND ORDER**

**(a) - (b)**   [No Change]

**(c)   Additional Requirements for Secure Detention.**

(1)   All motions to extend detention as provided by law must be in writing and filed with the court. Reasonable notice must be provided to the opposing party.

(2)   [No Change]

**(d)   Additional Requirement for Designated Offenses.**

(1)   All motions to release a juvenile for whom probable cause was found for one or more of the offenses listed in section 985.255, Florida Statutes, if made after the initial detention hearing, must be in writing and filed with the court. Reasonable notice must be provided to the opposing party.

(2)   The moving party must present evidence supporting their position and the opposing party may offer rebuttal evidence.

(3)   On making findings as provided by law, if the court releases the child from secure detention, the court must state in writing the reasons that the child does not present a risk to public safety or a danger to the community. The order must list the child's prior adjudications, dispositions, and prior violations of pretrial release orders.

(4)   The court must provide a copy of the release order to the victim, the law enforcement agency that arrested the child, and the law enforcement agency with primary jurisdiction over the child's primary residence.

**(e)   Petition.** The detention petition must:

(1) – (7)   [No Change]

**(e)(f) Order.** The detention order must:

(1) – (10)   [No Change]

## FORM 8.929.   DETENTION ORDER

DETENTION HEARING ORDER

Pick up order for absconding from:
.....    ~~home detention~~supervised release
.....    probation
.....    commitment
.....    other: ..................

Pick up order for:
.....    violation of probation
.....    violation of probation for an underlying felony firearm offense not involving a new law violation
.....    other: ..................

Present before the court:
.....    the child;
.....    .....(name)....., Assistant State Attorney;
.....    .....(name)....., Assistant Public Defender/defense attorney;
.....    .....(name)....., parent/legal guardian;
.....    .....(name)....., DJJ juvenile probation officer;
.....    .....(name)....., Department of Children and Family Services
.....    .....(name)....., guardian ad litem

DJJ Supervision status:
.....    None
.....    ~~Home detention~~Supervised release ..... with or ..... without an electronic monitor
.....    Probation
.....    Committed to ..... level
.....    CINS/FINS
.....    Conditional release

Other court involvement:

| | | | |
|---|---|---|---|
| Dependency: | ..... Yes | ..... No | ..... Unknown |
| Domestic relations: | ..... Yes | ..... No | ..... Unknown |
| Domestic violence: | ..... Yes | ..... No | ..... Unknown |

The court finds that the child was taken into custody at ..... a.m./p.m., on .....(date)......

Probable cause that the child committed delinquent acts was:

..... found.

..... found for lesser included offense ......

..... not found.

..... reset within ~~48~~..... hours of custody.

Risk assessment instrument (RAI) score: ..........

Score amended to: ..........

..... Meets detention criteria.

..... Meets detention criteria for being a Prolific Juvenile Offender.

IT IS ORDERED that the above-named child be:

..... released to the custody of .....(name)......

..... held in secure detention for domestic violence charge under section ~~985.245~~985.255, Florida Statutes.

The court finds:

     ..... respite care is not available for the child; and

     ..... it is necessary to place the child in secure detention to protect the victim from injury.

     ..... detained by the Department of Juvenile Justice in

          ..... ~~home detention~~supervised release.

               ..... days

          ..... ~~home detention~~supervised release with electronic monitoring.

          ..... supervised release with electronic monitoring due to being a Prolific Juvenile Offender.

          ..... secure detention.

               ..... days

          ..... secure detention due to probable cause being found for a designated offense and a risk to public safety and a danger to the community.

     with the following special conditions:

          ..... attend school regularly.

          ..... attend evaluation as follows:

               ..... physical.

               ..... psychological.

               ..... ADM.

               ..... other ....................

          ..... no (..... harmful) contact with .....(name)......

          ..... drug testing.

          ..... no drug and alcohol use.

          ..... other: ....................

..... released from detention and returned to the child's nonresidential commitment program.

Reasons for court ordering more or less restrictive placement than RAI score:..........

It is FURTHER ORDERED that unless an adjudicatory hearing has begun or a subsequent modification order is entered, the child shallmust be released no later than 5:00 p.m. on .....(date)..... to .....(name(s))....., who is/are
..... the parent(s)
..... a relative
 ..... foster care
..... .......... program
..... .....him/her..... self
..... other ....................

IT IS FURTHER ORDERED under section 985.039, Florida Statutes

..... The parent/guardian of the child, .....(name)....., shallmust pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, $5 per day for each day the juvenile is in secure detention.

..... The parent/guardian of the child, .....(name)....., shallmust pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, $1 per day for each day the child is in home detentionon supervised release.

..... The parent/guardian of the child, .....(name)....., shallmust pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, a REDUCED rate of $..... per day for each day the child is in detention status. This reduced fee is based on the court's finding

      ..... that the parent/guardian was the victim of the delinquent act or violation of law for which the child is currently detained and is cooperating in the investigation of the offense; or

      ..... of indigency or significant financial hardship. The facts supporting this finding are: ...................

..... The parent/guardian of the child, .....(name)....., .....(address)....., shall beis liable for .....% of the payment. The parent/guardian of the child, .....(name)....., .....(address)....., shall beis liable for .....% of the payment.

- 9 -

..... The .....supervision fee/cost of care..... is WAIVED based on the court's finding

..... that the parent/guardian was the victim of the delinquent act or violation of law for which the child is currently detained and is cooperating in the investigation of the offense; or

..... of indigency or significant financial hardship. The facts supporting this finding are: ...................

If the child's case is dismissed or if the child is found not guilty of the charges or court order, then the parent/guardian ~~shall not be~~is not liable for fees under this order.

Unless modified by subsequent notice, the NEXT COURT APPEARANCE:
..... will be at .....(time)..... on .....(date)..... at .....(location).......
..... is to be set.

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

Note: The child's parent/legal guardian ~~shall~~must advise Clerk's Office and DJJ of any address change.

..... Department of Juvenile Justice ~~shall~~must transfer the child to ................... Detention Center.

..... Other: .....................

DONE AND ORDERED in ................. County, Florida at .......... a.m./p.m. on .....(date).....

_____
Circuit Judge

Copies to: ...................

## FORM 8.947. DISPOSITION ORDER — DELINQUENCY

DISPOSITION ORDER

A petition was filed on .....(date)....., alleging .....(name)....., ..... age, to be a delinquent child. The court finds that it has jurisdiction of the proceedings.

Present before the court were:

..... the child;

.....    .....(name)....., Assistant State Attorney;

.....    .....(name)....., Assistant Public Defender/defense attorney;

.....    .....(name)....., guardian;

.....    .....(name)....., DJJ juvenile probation officer.

At the hearing on .....(date)....., after ..... entry of a plea/an adjudicatory hearing.....the child was found to have committed the delinquent acts listed below:

|  | Count | Count | Count | Count |
|---|---|---|---|---|
| Charge | .......... | .......... | .......... | .......... |
| Lesser | .......... | .......... | .......... | .......... |
| Maximum | .......... | .......... | .......... | .......... |
| Degree | .......... | .......... | .......... | .......... |
| Guilty | .......... | .......... | .......... | .......... |
| Nolo Contendere | .......... | .......... | .......... | .......... |
| Nolo prose | .......... | .......... | .......... | .......... |
| Adjudicated | .......... | .......... | .......... | .......... |
| Adj. withheld | .......... | .......... | .......... | .......... |

The predisposition report was ..... received and considered/waived by the child .....

The court, having considered the evidence and comments offered by those present, having inquired, and being otherwise fully advised in the premises ORDERS THAT:

..... Adjudication of delinquency is withheld.

..... The child is adjudicated delinquent......

- 11 -

..... The child is committed to a licensed child caring agency

..... The child is committed to the Department of Juvenile Justice for placement in:

> ..... a minimum-risk nonresidential commitment program, for an indeterminate period, but no longer than the child's 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first.

> ..... a non-secure moderate-risk residential commitment program, for an indeterminate period, but no longer than the child's 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first, because

>> ..... the child is before the court for a violation of section 790.22(3), Florida Statutes;

>> ..... The child is before the court for the disposition of a felony;

>> ..... The child has previously been adjudicated or had adjudication withheld for a felony offense;

>> ..... The child previously has been adjudicated or had adjudication withheld for three or more misdemeanor offenses within the previous 18 months;

>> ..... The child is before the court for disposition for a violation of sections 800.03, 806.031, or 828.12, Florida Statutes; or

>> ..... The court finds by a preponderance of the evidence that the protection of the public requires such placement or that the particular needs of the child would be best served by such placement. The facts supporting this finding are: ...........

>> ..... A high-risk commitment program, for an indeterminate period, but no longer than the child's 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first, because the child is before the court for the disposition of a felony.

>> ..... A maximum-risk commitment program, for an indeterminate period, but no longer than the child's 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first, because the child

- 12 -

meets the criteria in section 985.465 or 985.494, Florida Statutes.

..... The child is allowed .......... days credit for time spent in secure detention or incarceration before this date.

..... The child ~~shall~~must be placed ~~on:~~

> ..... ~~home detention ..... with/without ..... electronic monitoring until placement.~~

> ..... ~~in~~ secure detention until residential placement.

..... The court has orally pronounced its reasons for adjudicating and committing this child.

..... The court retains jurisdiction to accept or reject the discharge of this child from commitment, as provided by law.

..... ~~The child is placed on post-commitment juvenile probation for an indefinite period not to exceed the child's 19th birthday or the maximum term of imprisonment an adult could receive for each count listed above, whichever comes first.~~

..... The court orders that, ~~F~~following commitment, the child is ~~placed on~~to be:

> ..... directly discharged on release from commitment.

> ..... transitioned from a residential commitment program to a conditional release program. Any period of conditional release ~~for a period not to~~may not exceed the child's 21st birthday or the maximum term of imprisonment an adult could receive for each count listed above, whichever comes first.

..... CONDITIONS OF CONDITIONAL RELEASE: On release from the commitment program the child must abide by the following conditions under section 985.46(5), Florida Statutes:

The Child must participate in an educational program if of a compulsory school-attendance age under sections 1003.21(1) and (2)(a), Florida Statutes. If the child is of a noncompulsory school-attendance age and has not received a high school diploma or its equivalent, then the Child must participate in an educational program or career and technical education course of study. If the Child has received a high school diploma or its equivalent and is not employed, then the Child must participate in workforce development or other career or

technical education or attend a community college or a university while in the program.

  1. The Child must have a curfew of ......

  2. The Child is to have no contact with .....victims/co-defendants/known gang members......

  3. The Child must not use controlled substances.

  4. The Child must not possess any firearms.

  Other conditions:

...... The child was committed for an offense or attempted offense involving a firearm and under section 985.433(7)(d), Florida Statutes, the child must be placed on conditional release for a period of 1 year following release from a commitment program. Conditional release must include electronic monitoring of the child by the department for the initial 6 months following release and at times and under terms and conditions set by the department.

..... JUVENILE PROBATION: The child is ..... placed/continued on..... juvenile probation under supervision of .....the Department of Juvenile Justice/.....(name)..... and

  ..... the court having withheld adjudication of delinquency, for an indefinite period not to exceed the child's 19th birthday.

  ..... the court having adjudicated the child delinquent, for an indefinite period not to exceed the child's 19th birthday or the maximum term of imprisonment an adult could receive for each count listed above, except for a second degree misdemeanor, six months, whichever comes first.

  ..... as part of a sex offender treatment program, for an indefinite period not to exceed the child's 21st birthday or the maximum term of imprisonment an adult could receive for each count listed above.

..... Disposition on each count is .....concurrent/consecutive-......

..... This case disposition is .....-concurrent with/consecutive to.....case number ...........

GENERAL CONDITIONS OF JUVENILE PROBATION. The child must abide by all of the following conditions:

1. The child must obey all laws.

2. The child must be employed full-time or attend school with no unexcused absences, suspensions, or disciplinary referrals.

3. The child must not change or leave .....his/her.... residence, school, or place of employment without the consent of .....his/her..... parents and juvenile probation officer.

4. The child must answer truthfully all questions of .....his/her..... juvenile probation officer and carry out all instructions of the court and juvenile probation officer.

5. The child must keep in contact with the juvenile probation officer in the manner prescribed by the juvenile probation officer.

6. The child must not use or possess alcoholic beverages or controlled substances.

SPECIAL CONDITIONS OF JUVENILE PROBATION. The child must abide by all of the conditions marked below:

..... Restitution is ordered.

    ..... Parent(s) is/are responsible,

    ..... Child is responsible,

    ..... jointly and severally with ...........

..... The court reserves jurisdiction to determine the amount of restitution to be paid.

..... $.......... to be paid to ..... (name) ..... Payments ~~shall~~must begin .....(date)..... and continue at the rate of $ .......... each month.

..... Community Service. ..... hours are to be performed by the child at the rate of ..... hours per month. Written proof is to be provided to the juvenile probation officer.

..... ~~Community service for a delinquent act involving the use or possession of a firearm, under section 790.22, Florida Statute, or an offense during the commission of which the child possessed a firearm, and the child is~~

- 15 -

~~not committed to a residential commitment program of the Department of Juvenile Justice. Community service shall be performed, if possible, in a manner involving a hospital emergency room or other medical environment that deals on a regular basis with trauma patients and gunshot wounds.~~

~~.....    First offense, 100 hours.~~

~~.....    Second or subsequent offense, 100 hours to 250 hours.~~

.....    A letter of apology to be written by the child to .....(name)..... within ..... days. The letter must be a minimum of ..... words.

.....    A ...... word essay to be written by the child on ..... (subject).....and provided to the juvenile probation officer within 30 days.

.....    The child must have no .......... contact with victim(s), .....-(name(s))-......

.....    A ..... mental health/substance abuse-.....evaluation to be completed by the child within ..... days. The child will attend and participate in every scheduled appointment and successfully attend and complete any and all recommended evaluations and treatment.

.....    A curfew is set for the child from .......... p.m. to .......... a.m. Sunday through Thursday and from .......... p.m. to .......... a.m. Friday and Saturday.

.....    The child must submit to random urinalysis as instructed by the Department of Juvenile Justice.

.....    The child must submit to electronic monitoring by the Department of Juvenile Justice.

.....    The child must successfully complete all special conditions of juvenile probation ordered in this case on .....(date)......

.....    Other: ...........

.....    The child must pay court costs of $ .........., as specified below.

The child is placed on notice that the court may modify the conditions of .....his/her..... juvenile probation at any time and may revoke the juvenile probation if the court finds there is a violation of the conditions imposed.

DRIVER LICENSE

..... The child's driver license .....is suspended/is revoked/is withheld/limitation is extended.....:

..... for .....(months/years)......

..... for a delinquent act involving the use or possession of a firearm, under section 790.22, Florida Statute~~s~~.

..... First offense, .....(up to one year)......

..... Second or subsequent offense, .....(up to two years)......

..... for a delinquent act involving the use or possession of a firearm other than a violation of section 790.22, Florida Statutes, .....(up to one year)......

..... for a delinquent act under Chapter 893, Florida Statutes, ..... (up to six months)......

..... ~~First offense, .....(up to six months)......~~

..... ~~Second or subsequent offense, .....(up to two years)......~~

~~SECURE DETENTION FOR~~ FIREARM CHARGES

..... Having found the child committed a violation of section 790.22(3), Florida Statutes, ~~under section 790.22(5), Florida Statutes,~~ the child is ordered to serve:

..... for a first violation,

.......... days (~~0 to 3~~up to 5), in the Juvenile Detention Center with credit for .......... days served before disposition and

100 hours of community service or paid work as determined by the Department.

or

..... for a second or subsequent violation,

.......... days (~~0 to 15~~up to 21), in the Juvenile Detention Center with credit for .......... days served before disposition and

.......... hours (not less than 100 nor more than 250) of community service or paid work as determined by the Department.

..... The court finds that the delinquent act in count .......... involves the use or possession of a firearm other than a violation of section 790.22(3), Florida Statutes, and the child is not committed by this order to a residential commitment program of the Department of Juvenile Justice. Therefore, under section ~~790.22(9)~~985.433(8), Florida Statutes, the child is ordered to serve:

> 30 days in secure detention with .......... days credit for time served before disposition,
>
> 100 hours of community service or paid work as determined by the Department of Juvenile Justice, and
>
> Juvenile Probation under the supervision of the Department of Juvenile Justice for .......... (a minimum of 1 year).

..... ~~for a first violation, 15 days (minimum), in the Juvenile Detention Center, and receive no credit for time served prior to this order.~~

..... ~~for a second or subsequent violation, 21 days (minimum), in the Juvenile Detention Center, and receive no credit for time served prior to this order.~~

..... ~~.......... days in the Juvenile Detention Center, and receive no credit for time served prior to this order.~~

FINES, FEES, AND COSTS:

..... The child must:

> ..... pay, notwithstanding the child's present ability to pay, under sections 938.27 and 985.032, Florida Statutes,
>
> > ..... $50.00, per case (in disposition of every misdemeanor case), the costs of prosecution,
> >
> > ..... $100.00, per case (in disposition of every felony case), the costs of prosecution, or
> >
> > ..... $.......... to .....(agency)....., which, having claimed costs of prosecution or investigation, as provided by law, has shown to a preponderance its entitlement to such costs of prosecution or investigation;

- 18 -

..... pay $.........., the Crimes Compensation Trust Fund fee, under section 938.03, Florida Statutes;

..... pay $.........., the Teen Court cost and service charge, under section 938.19, Florida Statutes (if authorized by county ordinance);

..... pay $.........., the Public Defender application fee, under section 27.52, Florida Statutes;

..... pay, notwithstanding the child's present ability to pay, the Legal Assistance Lien for payment of attorneys' fees or costs, under section 938.29, Florida Statutes,

    ..... $50.00, per case (in disposition of every misdemeanor case),

    ..... $100.00, per case (in disposition of every felony case), or

    ..... $.........., the court having found sufficient proof of higher fees and costs incurred to .....(agency).....;

..... pay $.........., other costs, under section(s) .........., Florida Statutes.

..... The child has been adjudicated delinquent and the child ~~is required to~~must pay $.........., an additional cost, under section 939.185, Florida Statutes, if authorized by county ordinance.

..... The child has been adjudicated delinquent and assessed a fine and the child ~~is required to~~must pay $.......... to the Crime Prevention Trust Fund, under section 775.083(2), Florida Statutes.

..... The child has committed an enumerated crime against a minor and the child ~~is required to~~must pay $~~-~~.........., under section 938.10, Florida Statutes.

..... The child has violated chapter 794, Florida Statutes (sexual battery), or chapter 800, Florida Statutes, (lewdness; indecent exposure), and is ordered to make restitution to the Crimes Compensation Trust Fund under section 960.28(5), Florida Statutes, for the cost of the forensic physical examination.

..... The child ~~has the inability~~is unable to pay all court costs, and ~~shall~~must perform .......... hours of community service in ~~lieu~~place of these costs and fees.

SPECIMENS FROM THE CHILD

..... The child has entered a plea of guilty or nolo contendere to, or has been found by this court to have committed, a delinquent act which is a felony or an enumerated misdemeanor, and the child ~~is required to~~must submit specimens under section 943.325, Florida Statutes.

ORDERS TO PARENTS/GUARDIANS

..... The parent(s) .....is/are.....

     ..... to complete.....counseling/parenting classes/community service/restitution.....

     ..... participate with the child in .....court-imposed sanction/community work project.....

..... Under section 985.039, Florida Statutes:

     ..... the parent/legal guardian, .....(name)....., must pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, $5 per day for each day the child is placed in secure detention or placed on committed status and the temporary legal custody of the child is placed with the department.

     ..... the parent/legal guardian, .....(name).....,, must pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, $1 per day for each day the child is placed into non-secure detention, on probation~~,~~ or other supervision status with the department, or is committed to the minimum risk nonresidential restrictiveness level commitment.

     ..... the parent/legal guardian, .....(name)....., must pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, a REDUCED fee of $..... per day for each day the child is in the custody of or supervised by the department. This reduced fee is based on the court's finding:

          ..... that the parent/legal guardian was the victim of the delinquent act or violation of law for which the child is currently before the court and is cooperating in the investigation of the offense.

          ..... of indigency or significant financial hardship. The facts supporting this finding are: ...........

     ..... The cost of care/supervision fee is WAIVED based on the court's finding:

..... that the parent/legal guardian was the victim of the delinquent act or violation of law for which the child is currently before the court and is cooperating in the investigation of the offense.

..... of indigency or significant financial hardship. The facts supporting this finding are: ...........

..... The parent/guardian, .....(name)....., .....(address)....., ~~shall be~~is liable for ..........% of the payment. The parent/guardian, .....(name)....., .....(address)....., ~~shall be~~is liable for ..........% of the payment.

The parties are advised that an appeal is allowed within 30 days of the date of this order.

DONE AND ORDERED in ..... (city) ....., .......... County, Florida on .....(date) ....., at .......... a.m./p.m.

_____
Circuit Judge

Copies to: